IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAXINE BARELA SCHMOCK,

     Plaintiff,

vs.                                                      No. 1:17-CV-00575-JCH-KRS

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

     Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Plaintiff seeks review of the Commissioner's determination that she is not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. On June 14, 2017, in accordance with 28 U.S.C. § 636(b)(1)(B), (b)(3), this case was referred to United States Magistrate Judge Kevin R. Sweazea to conduct any necessary hearings and to recommend an ultimate disposition. *See Order of Reference*, ECF No. 6. Having considered Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 17), filed November 9, 2017, the Commissioner's response in opposition (Doc. 19), filed December 5, 2017, and Plaintiff's reply (Doc 21), filed December 15, 2017, the undersigned RECOMMENDS that the Court GRANT Plaintiff's motion for the reasons set forth below.

### I. PROCEDURAL BACKGROUND

On January 8, 2014, Plaintiff filed an application for disability insurance benefits, alleging that she had been disabled since September 11, 2012, due to an injured shoulder, back and knee; fibromyalgia; "gastro"; liver disease; Raynaud disease; parathyroid disease; anxiety; and depression. (AR 146,164, 168). On August 22, 2014, it was determined that Plaintiff was not disabled and her claim was denied. (AR 83). This determination was affirmed on January

13, 2015 (AR 90), and a subsequent hearing before an administrative law judge ("ALJ"), held on November 2, 2016, again ended in a denial. (AR 23-32). The ALJ's decision became final when, on March 22, 2017, the Appeals Council denied Plaintiff's request for review. (AR 1). *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000) (explaining that if the Council denies a request for a review, the ALJ's opinion becomes the final decision). *See also* 20 C.F.R. § 404.900(a)(1)-(5).

## II. STANDARD

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). *See also* 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (quotation omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). The Court must examine the record as a whole, "including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 162. "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted). Even so, it is not the function of the Court to review Plaintiff's claims de novo, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

## III. ANALYSIS

### A. Disability Framework

"Disability," as defined by the Social Security Act, is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The Act further adds that for the purposes of § 423(d)(1)(A):

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

When evaluating a disability claim under this standard, the ALJ employs a five-step sequential process. 20 C.F.R. § 404.1520. In the first four steps, the claimant must prove that he or she (1) is not engaged in any substantial gainful activity; (2) has a severe physical or mental impairment, or combination of impairments, that meets the twelve month duration requirement; (3) has an impairment, or combination thereof, that meets or equals a listing in 20 C.F.R. pt. 404, subpt. P, App. 1; and (4) is unable to engage in past relevant work. 20 C.F.R. § 404.1520(a)(4)(i)-(iv). If the disability claim survives step four, the burden shifts to the ALJ to prove, at step five, that the claimant is able to adjust to other jobs presently available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010).

Steps four and five are based on an assessment of the claimant's residual functional capacity ("RFC") which gauges "what the claimant is still functionally capable of doing on a regular and continuing basis, despite his impairments." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). *See also* 20 C.F.R. § 404.1545(a)(1).

## B. The ALJ's Determination

As detailed in the unfavorable decision underlying the case at bar, ALJ James Bentley engaged in the sequential analysis set forth above, first finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of September 11, 2012.[1] (AR 25). At step two, ALJ Bentley found that Plaintiff has the severe impairments of fibromyalgia; cirrhosis; degenerative disc disease of the lumber spine; and adhesive capsulitis of the right shoulder. (*Id.*). At step three, the ALJ determined that none of Plaintiff's impairments, whether alone or in combination, met or medically equaled the severity of a listed impairment. (AR 27).

ALJ Bentley next assessed Plaintiff's RFC, finding that Plaintiff has the residual functional capacity to "perform light work as defined in 20 CFR 404.1567(b) except the claimant can only occasionally reach in all directions with her right upper extremity." (AR 28). With this assessment at hand, ALJ Bentley then proceeded to step four where, with the assistance of a vocational expert ("VE"), he considered Plaintiff's employment history and concluded that Plaintiff was able to perform her past relevant work as a Personnel Clerk (DOT # 209.362-026) and as a Teacher's Aide II (DOT# 249.367-074). Accordingly, ALJ Bentley concluded that Plaintiff was not disabled. (AR 32).

---

[1] The ALJ also found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017. (AR 25).

## C. Challenges to the ALJ's Determination

Plaintiff's request for reversal and remand is based on contentions that ALJ Bentley improperly rejected the Functional Assessment Evaluation conducted by MaryBeth Plummer, P.T., CSFA, and failed to resolve a conflict between the *Dictionary of Occupational Titles* ("DOT") and testimony provided by VE Diana L. Kaiser. The undersigned finds merit in both contentions.

### 1. Opinion Evidence of MaryBeth Plummer, P.T., CSFA[2]

In 2011, while working as a clerical assistant, Plaintiff sustained an injury to her right shoulder. She received extensive treatment for this injury and, in 2013, MaryBeth Plummer, P.T., CSFA ("CSFA Plummer") was tasked with evaluating Plaintiff's functional capacity for the New Mexico Workers' Compensation Administration. On September 5, 2013, CSFA Plummer completed Plaintiff's evaluation and opined that Plaintiff, who is right-hand dominant, was limited to sedentary work with only occasional bending, crawling, and reaching with the right upper extremity. (AR 262, 275). CSFA Plummer further stated that Plaintiff could not push or pull with her right upper extremity; could only lift/carry fifteen pounds occasionally and eight pounds frequently; and that she was only able to sit and stand for two hours at a time and walk for thirty minutes to one hour at a time. (AR 276). CSFA Plummer concluded that Plaintiff was not able to return to her clerical position and recommended a stabilization exercise program to help increase the endurance of Plaintiff's right upper extremity "for clerical tasks." (*Id.*).

When formulating his decision, ALJ Bentley considered the above evidence and afforded "some weight" to CSFA Plummer's opinion. (AR 30). In so doing, ALJ Bentley explained that CSFA Plummer's assertion regarding Plaintiff's right upper extremity was consistent with Plaintiff's medical history, but that the assessed standing and walking limitations were

---
[2] Certified Specialist in Functional Assessment ("CSFA").

inconsistent with the evidence. (*Id.*). ALJ Bentley also noted that CSFA Plummer was not an "acceptable medical source" and that her opinion regarding Plaintiff's ability to return to work was "inconsistent with her background in physical therapy." (*Id.*).

Plaintiff argues that ALJ Bentley did not provide a proper explanation for the weight he assigned to the evidence and that, as a Certified Specialist in Functional Assessment, CSFA Plummer is "imminently qualified" to assess Plaintiff's vocational limitations (Doc 21, p. 5).

As a physical therapist, CSFA Plummer is not an "acceptable medical source." 20 C.F.R. § 404.1502(a). Even so, opinions from "medical sources, who are not technically deemed 'acceptable medical sources'… are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06-03P, 2006 WL 2329939, at *3 (August 9, 2006).[3] SSR 06-03P additionally provides that "the adjudicator generally should explain the weight given to opinions from these…sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." SSR 06-03P, 2006 WL 2329939, at *6.

Importantly, opinions on issues such as whether the claimant is disabled or unable to work are reserved to the Commissioner "because they are administrative findings that are dispositive of a case." 20 C.F.R. § 404.1527(d). However, "opinions from any medical source on [these issues] must never be ignored." SSR 96-5p, 1996 WL 374183, at *3 (July 2, 1996).[4] Rather, the ALJ "must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record." *Id.*

---
[3] Rescinded by Federal Register Notice Vol. 82, No. 57, page 15263 effective for cases filed on or after March 27, 2017.
[4] *Id.*

In the case at bar, CSFA Plummer conducted a very thorough assessment of Plaintiff's functional capacity and determined that Plaintiff was not able to return to her position as a clerical assistant. This determination was based on the numerous limitations CSFA Plummer detailed in her report. Unfortunately, ALJ Bentley only addressed CSFA Plummer's findings as to Plaintiff's reaching limitations, which he found consistent with the evidence, and her standing and walking limitations which he deemed, without elaboration, "inconsistent with the evidence." (AR 30). This brief and truncated discussion of CSFA Plummer's functional assessment neither indicates that ALJ Bentley fully considered the evidence nor allows the Court to conduct a meaningful review of his determination. SSR 06-03P, 2006 WL 2329939, at *6. *See also Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) ("The agency's failure to apply correct legal standards, or show us it has done so, is…grounds for reversal."); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (explaining that "the ALJ…must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects").

More problematic, ALJ Bentley determined that CSFA Plummer's conclusion that Plaintiff could not return to work was "inconsistent with her background in physical therapy." (AR 30). Although this statement is somewhat difficult to decipher, it appears that the ALJ is asserting that a physical therapist, in this case, one that is also a CSFA, does not have the ability to assess an individual's ability to perform physical work functions. Not only is this an erroneous conclusion, but it is also an invalid reason for rejecting CSFA Plummer's opinion. As noted above, the Social Security Regulations explicitly state that opinion evidence—from *any* medical source—regarding a claimant's ability to work, cannot be ignored and the ALJ must determine whether the opinion is consistent with the record. SSR 96-5p, 1996 WL 374183, at *3. *See also Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008) (explaining that the ALJ

could not disregard an opinion simply because it came from an individual who is "not an 'acceptable medical source'" and noting that the opinion is "relevant to the questions of severity and functionality").

For these reasons, the undersigned finds that the ALJ erred in his consideration of the functional assessment conducted by CSFA Plummer and that such error must be corrected upon remand.

### 2. VE Testimony

Plaintiff also argues that ALJ Bentley failed to reconcile an inconsistency between vocational expert testimony and information contained in the DOT. Here, Plaintiff explains that at her hearing, a vocational expert testified that an individual who is limited to occasional reaching with the upper right extremity could perform the functions of a Teacher's Aide II and a Personnel Clerk; yet, per the DOT, both positions require frequent bilateral reaching. Plaintiff asserts that ALJ Bentley erred by relying on the VE's testimony without resolving the conflict between Plaintiff's reaching limitation and the reaching requirements of the identified positions.

When relying upon the testimony of a vocational expert, the ALJ has an affirmative duty to ask about, and resolve, conflicts between the VE's testimony and information found in both the DOT and its companion publication, the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO"). SSR 00-4P, 2000 WL 1898704, at *1 (December 4, 2000). *See also Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005). The undersigned recognizes that when a VE offers testimony inconsistent with the DOT and/or SCO, an ALJ has the discretion, nonetheless, to adopt the VE's opinion. SSR 00-4P, 2000 WL 1898704, at *2. However, before so doing, the ALJ must investigate the conflict and explain his reasons for choosing one source over the other. *Id.*

At Plaintiff's November 2, 2016 hearing, VE Diana L. Kaiser provided testimony regarding the occupations an individual would be able to perform based on Plaintiff's vocational profile as applied to three different hypothetical situations. The first hypothetical, which ALJ Bentley adopted as Plaintiff's RFC, included a limitation to occasional reaching with the upper right extremity. VE Kaiser considered this hypothetical and opined that Plaintiff would be able to return to her past work as a personnel clerk and as a teacher's aide. When asked if her testimony was consistent with the DOT, VE Kaiser answered affirmatively.

A review of the SCO reveals that the occupations of Teacher's Aide II and Personnel Clerk both require frequent reaching. SCO, pp. 317, 331. The SCO, however, does not make a distinction between unilateral reaching and bilateral reaching so it is unclear whether Plaintiff, who is right-hand dominant, would be able to perform the reaching requirements of the identified jobs with only her non-dominant hand/arm. Although the VE stated that her testimony was consistent with the DOT, the ALJ should have investigated the apparent conflict between VE Kaiser's opinion and the reaching requirements found in the SCO. Regrettably, ALJ Bentley did not address the reaching inconsistencies and the undersigned finds that remand is required to cure this deficiency.

It should be noted that that the Commissioner asks the Court to reach the opposite conclusion. In support of her request, the Commissioner cites to numerous cases including, inter alia, *Poppa v. Astrue*, 569 F.3d 1167, 1173-74 (10th Cir. 2009) (declining to find a conflict when the maximum exertional and non-exertional demands of a job did not conflict with the plaintiff's RFC); *Segovia v. Astrue*, 226 F. App'x 801, 804 (10th Cir. 2007) (unpublished) (explaining that "frequent reaching does not necessarily require more than occasional *overhead* reaching" and finding no conflict between the two) (emphasis in the original); and *Carey v. Apfel*, 230 F.3d

131, 146 (5th Cir. 2000) (finding no conflict when the ALJ asked the VE to directly address the effect of the claimant's amputation on his ability to perform the identified jobs and the VE specifically testified that the claimant could perform the jobs with only one arm and hand).

In contrast to the cases to which the Commissioner cites, the reaching demands of a teacher's aide and personnel clerk appear to conflict with Plaintiff's RFC; Plaintiff is limited to occasional reaching in *all* directions with her right arm; and the ALJ did not elicit any specific testimony from VE Kaiser regarding Plaintiff's reaching limitations. Hence, the undersigned finds the Commissioner's argument unpersuasive.

## IV. CONCLUSION

**IT IS, THEREFORE, RECOMMENDED** that the Court **GRANT** Plaintiff's Motion to Remand to Agency for a Rehearing (Doc. 17) with a directive to the Commissioner to provide a considered evaluation of the evidence provided by CSFA Plummer and to address the apparent conflict between VE Kaiser's testimony and the reaching requirements specified in the SCO.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension of time must be filed in writing no later than seven (7) days from the date of this filing. A party must file any objections with the Clerk of the District Court within the fourteen (14) day period, together with any period for which an order is entered granting an extension of time, if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**